UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE STATE OF OREGON, acting by and through the OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF THE ARMY; U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendants. | CASE NO.: 3:20−CV−01799−SB<br><br>**CONSENT DECREE** |

I. BACKGROUND

A.   The State of Oregon, acting by and through the Oregon Department of Environmental Quality ("State") filed a complaint in this matter pursuant to, *inter alia*, Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. Section 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Bradford Island facility, a part of the Bonneville Dam complex, located on the Columbia River at River Mile 146.1 ("the Site").

B.   The United States of America, Department of the Army, and U.S. Army Corps of Engineers ("USACE") (collectively, "United States") do not admit any liability arising out of the transactions or occurrences alleged in any claim asserted by the State.

C.   The United States on behalf of USACE asserts it has a counterclaim against the Plaintiff for failure to pay a debt owed to the United States as presented in the USACE bill to the State dated October 20, 2020, which was due to be paid on November 19, 2020, and has not been paid by the State. The State does not admit any liability regarding such claim.

CONSENT DECREE – page 1                                                                                ODOJ#44423315

D. The State and United States agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Sections 9607 and 9613(b), and the United States counterclaim under 31 U.S.C. Section 3711. The Parties consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the State and the United States.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

    a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq.

    b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

    c. "Covered Matters" means those past or future claims, causes of action or remedies ("Claims") relating to contamination at or from the Site, including but not limited to claims under CERCLA and any equivalent State statutes.

    d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

    e. "Future Response Costs" shall mean all response costs as defined in CERCLA, including but not limited to direct and indirect costs not inconsistent with the National Contingency Plan, that the State incurs after February 28, 2021, pursuant to CERCLA in response to the releases, or threat of release, of hazardous substances at the Site.

    f. "Interest" for purposes of the State CERCLA response costs shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at http://www2.epa.gov/superfund/superfund-interest-rates.

    g. "Interest, Penalties and Administrative Costs" for purposes of the United States debt collection action shall mean interest, penalties and administrative charges at the rates provided in 31 U.S.C. Section 3717, and the Federal Claims Collection Standards provided in 31 C.F.R. Chapter IX.

    h. "National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

    i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or a letter.

    j. "Parties" shall mean the State and the United States.

    k. "Past Response Costs" shall mean all response costs, including but not limited to direct and indirect costs not inconsistent with the NCP, that the State has incurred at or in connection with the Site through February 28, 2021.

    l. "Plaintiff" or "State" shall mean the State of Oregon, acting by and through the Oregon Department of Environmental Quality.

    m. "Section," when referring to this Consent Decree, shall mean a portion of this Consent Decree identified by a Roman numeral.

    n. "Site" shall mean the Bradford Island site, located on and around Bradford Island in the Bonneville Dam complex on the Columbia River, and depicted more clearly on the map included in Appendix A.

    o. "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities.

p.    "United States Debt Collection Action" shall mean the USACE debt claim presented to the State in the bill dated October 20, 2020.

## V. REIMBURSEMENT OF PAST RESPONSE COSTS

4.    Within 90 days of entry of this Consent Decree, the United States shall pay to the State $913,530.64 in reimbursement of Past Response Costs. Payments by the United States made after this period will be subject to Interest as defined in Section IV, paragraph 3.f, above. Payment shall be made by Automated Clearing House (ACH) Electronic Funds Transfer in accordance with instructions provided by the State, including:

(a) Payee Account Title: DEQ General Fund;

(b) ACH routing number (9 digits for ACH payment): 123206707;

(c) American Banking Association (ABA) routing number (9 digits) for FedWire payment: 123000220;

(d) Payee Account Number: 3400000401

(e) Type of Account: Checking

(f) Financial Institution name: U. S. Bank National Association OR

(g) Financial Institution Address: 111 S. Elm St, Canby OR 97013; and

(h) taxpayer ID numbers for account holder: 93-0584915.

## VI. PAYMENT OF UNITED STATES DEBT CLAIM

5.    The State shall pay to the United States $768,923.40 in satisfaction of the United States Debt Collection Action reflected in the USACE bill dated October 20, 2020. Payment shall be made by United States Department of the Treasury offset from the amount payable under Section V, above.

## VII. PAYMENT FOR FUTURE RESPONSE COSTS

6.    <u>Payments by the United States for Future Response Costs</u>. The United States shall pay to the State all Future Response Costs not inconsistent with the National Contingency Plan.

7.    <u>Duplication of Costs</u>. Prior to incurring Future Response Costs, the State shall coordinate its future response actions, including oversight, with other governmental entities conducting response actions on the Site including USACE in advance, so as to avoid duplication of efforts and unnecessary costs.

8. <u>Periodic Bills</u>. On a periodic basis, but not more often than annually, the State will send to the United States a bill requiring payment that includes a certified Cost Document Report, which will include direct and indirect costs incurred by State, its contractors, and subcontractors. All bills must be in the form of a Complete Invoice accompanied by supporting documentation evidencing the nature of the service being charged, the relation of the charge to the Site, the calculation of each element of the charges included the Invoice, the time the cost was incurred, evidence of payment by the State, and credit for any other reimbursement received by the State for any portion of the services or costs included in the bill. The United States shall make all payments within 120 days after its receipt of each bill requiring payment, unless the Future Response Costs sought have been timely contested pursuant to Paragraph 9. Payment shall be made by Automated Clearing House (ACH) Electronic Funds Transfer in accordance with instructions provided by the State, as set forth in Paragraph 4(a)–(h) above. Payments by the United States made after this period will be subject to Interest as defined in Section IV, paragraph 3.f, above.

9. <u>Disputing Future Response Costs</u>. The United States may contest payment of any Future Response Costs sought under Paragraph 8 by initiating the Dispute Resolution procedures in Section VIII.

10. Payments by the United States herein, including Past Response Costs, Future Response Costs, and Interest, are subject to the availability of funds appropriated and legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VIII. DISPUTE RESOLUTION

11. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes regarding this Consent Decree. However, the procedures set forth in this Section shall not apply to actions by the State to enforce obligations of the United States that have not been disputed in accordance with this Section.

12. Within 60 days of receiving a bill and its supporting documentation, as set forth in Paragraph 8, the United States may notify the State that it objects to the bill or any portion thereof. If the United States does not object within 60 days, any objection to the bill will be deemed waived. The United States may object to a bill or a portion thereof on grounds which include the following: (1) costs are not Future Response Costs as defined in this Consent Decree; (2) the costs claimed are inconsistent with the National Contingency Plan; (3) the description of the work performed or the costs incurred, and any accompanying documentation submitted to the United States do not constitute a Complete Invoice as described in Section VII, above, to enable the United States to evaluate the costs claimed as Future Response Costs; (4) there is inadequate proof of

payment of the Response Costs; (5) the certification is false, incorrect, incomplete, or absent; or (6) the bill or supporting documentation is otherwise not in accordance with the law or this Consent Decree. The United States shall specify with particularity its reason(s) for objecting to a bill or portion thereof.

13. If the dispute is not fully resolved within 90 days after the United States submits an objection to a Complete Invoice, either side may request that the Court resolve the dispute. The State and the United States hereby consent to the reference of a dispute under this paragraph to a United States Magistrate Judge and agree to cooperate and use their best efforts to enable the Court to resolve the dispute as reasonably promptly as the Court's calendar permits. If a dispute is referred to a United States Magistrate Judge, the District Court may reconsider the Magistrate Judge's decision where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law, within the meaning of 28 U.S.C. § 636(b)(1)(A).

14. If the State prevails in the dispute, the United States shall pay the amount owed, within 90 days after receiving notice of the Court's final order, in accordance with instructions provided by the State.

## IX. COVENANT NOT TO SUE BY PLAINTIFF

15. Except as specifically provided in Paragraph 16 (Reservation of Rights by the State), the State covenants not to sue the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. Section 9607(a), or State law to recover Past or Future Response Costs or any other claim under CERCLA arising from or related to the releases of hazardous substances addressed in this litigation. This covenant shall take effect upon the Effective Date. This covenant not to sue is conditioned upon the satisfactory performance by the United States of its obligations under this Consent Decree. This covenant not to sue extends only to the United States and does not extend to any other person.

16. <u>Reservation of Rights by the State</u>. The covenant not to sue set forth in Paragraph 15 does not pertain to any matters other than those expressly specified therein. The State reserves, and this Consent Decree is without prejudice to, all rights and claims against the United States with respect to all other matters, including but not limited to, the proposed listing of the Site as a Superfund site; or liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments, or to enforce the terms of this Consent Decree. The parties agree that this Consent Decree does not constitute an agreement for State oversight of remedial action at the Site for the purposes of listing the Site on the CERCLA National Priority List.

## X. COVENANT NOT TO SUE BY THE UNITED STATES

17. The United States covenants not to sue and agrees not to assert any claims or causes of action against the State, or its contractors or employees, with respect to Past

Response Costs or Future Response Costs or the USACE bill dated October 20, 2020 or this Consent Decree, including but not limited to:

    a.    any claim arising out of response actions at the Site for which the Past Response Costs were or Future Response Costs are incurred; and

    b.    any claim against the State pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. Sections 9607 and 9613, relating to Past or Future Response Costs; and

    c.    any claim under 31 U.S.C. Section 3711 for the United States' Debt Collection Action related to the USACE bill to the State dated October 20. 2020.

18.    Nothing in this Consent Decree shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Site, or to enforce the terms of this Consent Decree.

## XI. EFFECT OF SETTLEMENT

19.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)–(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20.    The Parties agree, and by entering this Consent Decree this Court finds, that the United States is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims, as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may otherwise be provided by law, for or arising in connection with Covered Matters.

21.    In any subsequent administrative or judicial proceeding initiated by either Party for injunctive relief, recovery of Future Response Costs, or other relief relating to the Site, the Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the preclusive effects of Dispute Resolution procedures set forth in Section VIII or the enforceability of the Covenants by the State or the United States set forth in Sections IX and X.

22. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XII. NOTICE

23. Whenever under this Agreement written notice is required to be given, or a payment request or other document is required to be sent, by one Party to another, it shall be directed to the individuals at the addresses specified below unless those individuals or their successors give notice of a change to the other Parties in writing, which includes sending a notice email to the email addresses specified below. All such notices and other submissions shall be considered effective upon receipt unless otherwise provided.

State:

> Bob Schwarz
> Project Manager
> Northwest Region Cleanup Program
> Oregon Department of Environmental Quality
> 700 NE Multnomah St #600
> Portland, OR 97232
> 503-229-5128
> Schwarz.bob@deq.state.or.us

United States:

> Letitia Grishaw
> Section Chief, Environmental Defense Section
> Environment Division
> US Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044
> Tel: (202) 514-2219
> Fax: (202) 514-8865
> Email: Letitia.grishaw@usdoj.gov

## XIII. RETENTION OF JURISDICTION

24. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDICES

25. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement

embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. Appendix A is attached hereto and incorporated into this Consent Decree.

## XV. EFFECTIVE DATE

26. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVI. SIGNATORIES/SERVICE

27. The representative of the State and undersigned counsel for the United States, each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

28. The United States hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless and until it has notified the State in writing that it no longer supports entry of the Consent Decree.

## XVII. FINAL JUDGMENT

29. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the State and the United States.

SO ORDERED this 10th day of February, 2022.

Michael H. Simon
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *State of Oregon,* acting by and through the *Oregon Department of Environmental Quality v. United States of America, Department of the Army, and U.S Army Corps of Engineers,* relating to the Bradford Island Site.

FOR THE STATE OF OREGON, ACTING BY AND THROUGH THE OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY:

ELLEN F. ROSENBLUM
Attorney General

Date: 02.07.2022

*s/ Timothy D. Smith*
Timothy D. Smith OSB #914374
Senior Assistant Attorney General
Civil Recovery Section
Civil Enforcement Division
Oregon Department of Justice
tim.smith@doj.state.or.us
503.934.4400

FOR THE UNITED STATES OF AMERICA:

Todd Kim
Assistant Attorney General
Environment & Natural Resources Division

Date: 02/07/22

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN, Ill. Bar No. 6306360
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-9277 chloe.kolman@usdoj.gov